UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
BASSIROU LARE,

                      Petitioner,

-against-

UNITED STATES,

                      Respondent.
---------------------------------------------------------------- X

04 CV 4939 (ARR)

<u>NOT FOR PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

By petition dated October 28, 2004, the petitioner, Bassirou Lare, seeks a writ of habeas corpus under 25 U.S.C. § 2255. For the following reasons, the court denies his petition.

## BACKGROUND

On October 28, 2003, petitioner was arrested at John F. Kennedy International Airport ("J.F.K.") in Queens, New York, as he attempted to smuggle 9,941 grams (gross weight) of cocaine secreted in a suitcase into the United States from Guyana. On November 26, 2003, petitioner was charged in a two-count indictment with importation of in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 952(a) and 960 (b)(1)(B)(ii), and with knowingly and intentionally possessing with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii)(II).

On December 17, 2003, petitioner pled guilty before this court to a lesser included offense within Count One of the indictment pursuant to a standard courier plea agreement executed on that date. In that plea agreement, the government estimated that petitioner's

1

sentence would be 51-63 months' incarceration, which would be further reduced to 46-57 months' incarceration upon the government's motion for an additional one-point reduction pursuant to the United States Sentencing Guidelines § 3E1.1(b) if petitioner pleaded guilty on or before December 31, 2003.

As part of the agreement, the petitioner, among other things, agreed that he would not "file an appeal or otherwise challenge the conviction or sentence in the event that the court impose[d] a term of imprisonment of 63 months or below." Plea Agreement ¶ 4. During his allocation, the court directed petitioner's attention to the waiver, asking him if he understood. Petitioner answered in the affirmative, subsequently indicating that he had no questions at all about "the charges against [him] or [his] rights or anything related to this proceeding." Plea at 2-3. The court then accepted petitioner's guilty plea.

On March 31, 2004, petitioner was sentenced to 30 months' incarceration, the very bottom of his guidelines range of 30-37 months. Petitioner made no downward departure motions. Notably, petitioner was given the opportunity to address the court himself at the time of sentencing and declined to do so. Due to his waiver of appellate rights, petitioner did not file a notice of appeal with the Court of Appeals for the Second Circuit within the prescribed time period.

In his petition, petitioner seeks to have his sentence vacated pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel for failure to seek a downward departure based on extraordinary family circumstances.

## ARGUMENT

A. <u>Petitioner's Claim is Procedurally Barred</u>

"Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' <u>Douglas v. United States</u>, 13 F.3d 46 (2d Cir. 1993); or (2) 'actual innocence.'" <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1999) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). "A motion under § 2255 is not a substitute for an appeal." <u>Rosario</u>, 164 F.3d at 732 (citing <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1998)).

Because petitioner did not file a direct appeal, he can only bring this § 2255 petition upon a showing of cause and prejudice resulting therefrom or actual innocence. <u>Rosario</u>, 164 F.3d at 732. A waiver of appeal provision in a in a plea agreement does not constitute "cause" for failing to take a direct appeal. See <u>United States v. Pipitone</u>, 67 F.3d 34 (2d Cir. 1995) (citations omitted). Petitioner has not demonstrated cause and prejudice, nor does he claim actual innocence. The petition is therefore procedurally barred.

B. <u>Petitioner waived his right to collaterally attack his sentence</u>

Additionally, petitioner waived his right to "file an appeal or otherwise challenge the conviction or sentence in the event that the court impose[d] a term of imprisonment of 63 months or below." "[I]n no circumstances . . . may a defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement," <u>United States v. Salcido-Contreras</u>, 990 F.2d 51, 53 (2d Cir.), <u>cert. denied</u>, 509 U.S. 931 (1993), for "such a

3

remedy would render the plea bargaining process and the resulting agreement meaningless," id.; see also United States v. Johnson, 347 F.3d 412, 414 (2d Cir. 2003) ("[I]n general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guideline's range is enforceable.").

Petitioner does not contend that his waiver of his right to appeal was not knowing or voluntary. Nor does petitioner suggest that he received ineffective assistance of counsel in entering the plea agreement, an argument which the Second Circuit has suggested, "might cast doubt on the validity of his waiver." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (citing United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996)); see also United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995) (a defendant cannot validly waive right to appeal where defendant claims that plea agreement was entered into with ineffective assistance of counsel).

Petitioner's ineffective assistance claim is therefore barred by the waiver in his plea agreement, and petitioner may not avoid the bar by couching his attack as a Sixth Amendment ineffective assistance of counsel claim. See Djelevic, 161 F.3d at 107 (petitioner cannot overcome appeal waiver provision by clothing it in "constitutional terms" as ineffective assistance of counsel claim). In Pipitone, 67 F.3d 34, the Second Circuit explained that "[w]hatever linguistic distinction may be made between an 'appeal' and a § 2255 petition, we are loathe to countenance so obvious a circumvention of a plea agreement." 67 F.3d at 39. Accordingly, a petition, such as this one, "that is merely an attack on the merits of a sentence is barred by petitioner's express waiver of his right to appeal a conforming sentence." United States v. Ramirez, 963 F.Supp. 329, 331 (S.D.N.Y. 1997) (citing Pipitone, 67 F.32d at 39).

4

B.  The Petition Fails on the Merits

In any event, the court finds petitioner's claim without merit. To prevail on a claim alleging ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," Stickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Id. at 694; see also Wiggins v. Smith, 539 U.S. 510, 521 (2003); United States v. Eyman, 313 F.3d 741, 743 (2d Cir. 2002). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. In the context of a guilty plea, "[t]he second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The Sentencing Guidelines provide that a defendant's "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6. Because the Guidelines disfavor departure based on family responsibilities, such a departure is not permitted except in extraordinary circumstances. See United States v. Carrasco, 313 F.3d 750, 756 (2d Cir.2002); United States v. Johnson, 964 F.2d 124, 128-29 (2d Cir.1992). Extraordinary circumstances exist where "the family [is] uniquely dependent on the defendant's ability to maintain existing financial and emotional commitments." U.S. v. Faria, 161 F.3d 761, 762 (2d Cir. 1998) (citation omitted).

There was no evidence in the record at the time of sentencing that plaintiff's family circumstances were so extraordinary as to warrant a downward departure, and thus a downward

5

departure motion on those grounds would not have been successful. According to the presentence report, since 2000, petitioner's six-year-old son had been living with and was cared for by a caregiver in Togo, paid monthly by petitioner, while petitioner himself was living in the Netherlands and Guyana. At the time of sentencing, petitioner believed his son was in good health and attending school.

In addition, there is no evidence in the record indicating that defense counsel was aware of the family circumstances upon which petitioner now relies. The two letters submitted by petitioner detailing his family circumstances are postmarked March 5, 2004 and October 15, 2004. Although the postmark of the first letter indicates that it was mailed from Togo prior to petitioner's sentencing on March 31, 2004, petitioner has provided no evidence either that he received the letter prior to his sentencing, or that he discussed the situation with Mr. Kircheimer. In fact, petitioner makes no allegation in his petition that Mr. Kircheimer had any information supporting a departure motion.

Accordingly, there is no basis for this court to find that Mr. Kircheimer's performance fell below an objective standard of reasonableness. Additionally, because there is no reason to believe a downward departure motion would have been successful, petitioner suffered no prejudice from counsel's failure to so move.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Signed /

Allyne R. Ross
United States District Judge

Dated: May 4, 2005
Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Bassirou Lare
#62010-053
Elkton FCI
8730 Scroggs Road
Elkton, OH 44415

*Attorney for the Respondent*
Robert L. Capers
Assistant U.S. Attorney
Eastern District of New York
One Pierrepont Plaza
New York, NY 11201